**DISMISS and DENY; and Opinion Filed December 18, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01529-CV
### No. 05-15-01530-CV
### No. 05-15-01531-CV

### IN RE ANDREW PETE, Relator

**Original Proceeding from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F12-33559-V, F12-33560-V, F12-33561-V**

## MEMORANDUM OPINION
Before Justices Lang, Fillmore, and Brown
Opinion by Justice Brown

In this petition for writ of mandamus relator contends that the trial court erred when, after granting his motion for mistrial, it ordered a new trial as to punishment only. Relator requests that the Court order the trial court to vacate the jury verdicts in his criminal cases, reinstate his bond, release him from custody, and proceed with a new trial on his guilt or innocence of the offenses with which he was charged. As an initial matter, we note that this Court has no original habeas corpus jurisdiction in criminal proceedings. TEX. GOV'T CODE ANN. § 22.221 (West 2004). Thus, we may not grant relief that requires relator's release from custody. We also may not grant the other forms of relief relator seeks. Mandamus relief is appropriate in a criminal case only when a relator establishes (1) that he has no adequate remedy at law to redress the alleged harm, and (2) that what he seeks to compel is a ministerial act, not a discretionary or

judicial decision. *In re Allen*, 462 S.W.3d 47, 49 (Tex. Crim. App. 2015) (orig. proceeding). Relator has not met these requirements.

We dismiss the petition for want of jurisdiction to the extent it seeks relator's release from custody.  We deny the balance of the petition.

/Ada Brown/
ADA BROWN
JUSTICE

151529F.P05